**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **TITAN MEDICAL GROUP, LLC and** ) <br> **TITAN NURSE STAFFING, LLC,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **VIRGIN ISLANDS GOVERNMENT** ) <br> **HOSPITALS AND HEALTH FACILITIES** ) <br> **CORPORATION,** ) <br> ) <br> **Defendant.** ) <br> _____) | **Civil Action No. 2018-0056** |

**Attorneys:**
**Adam Nicholas Marinelli, Esq.,**
St. Thomas, U.S.V.I.
 *For Plaintiffs*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

 THIS MATTER comes before the Court on Defendant Virgin Islands Government Hospitals and Health Facilities Corporation's ("Defendant" or "HHFC") "Motion to Dismiss" (Dkt. No. 18) and accompanying Memorandum in Support (Dkt. No. 19) ("Motion to Dismiss"); and Plaintiff Titan Medical Group, LLC and Plaintiff Titan Nurse Staffing, LLC's (collectively "Plaintiffs" or "Titan") Opposition thereto (Dkt. No. 21). For the reasons discussed below, the Court will deny the Motion to Dismiss.

# I.   BACKGROUND

This case arises from a contract dispute between the parties. The Complaint alleges that on or about June 23, 2010, Plaintiffs entered into a contract with the government-owned Governor Juan F. Luis Hospital ("JFL Hospital"), by which Titan agreed to provide temporary medical and nursing staffing services ("Staffing Agreement"). (Dkt. No. 1 at ¶ 6). Titan alleges that it stopped receiving payment pursuant to the contract after the last payment on or about October 1, 2013. *Id.* at ¶¶ 9-13. On December 29, 2013, Plaintiffs filed a complaint in the Superior Court of the Virgin Islands for breach of contract and, in the alternative, quantum meruit, against JFL Hospital and the Government of the Virgin Islands ("GVI") for failure to pay the amount owed under the Staffing Agreement. (Dkt. No. 19-1).

Plaintiffs filed a Motion for Summary Judgment in the Superior Court case. JFL Hospital and GVI opposed Plaintiffs' motion,[1] arguing that there was not a valid contract between Plaintiffs and JFL Hospital because only HHFC can legally enter into contracts on behalf of the Hospital. (Dkt. No. 19-2 at 4). JFL Hospital and GVI further argued that HHFC was an indispensable party to the action and in its absence, the case should be dismissed. *Id.* On July 14, 2015, Superior Court Judge Douglas A. Brady granted Plaintiffs' Motion for Summary Judgment, holding that the Staffing Agreement was a valid contract, and that HHFC was not an indispensable party to the action. *Id.* at 7-9. Judge Brady subsequently entered Judgment for the sum owed under the Staffing Agreement against both JFL Hospital and GVI. (Dkt. No. 19-3). On October 25, 2018, the Virgin Islands Supreme Court vacated the Judgment, in part, holding that "JFL Hospital is not a separate

---

[1] The Court recites the facts related to the grant of Summary Judgment as articulated in the Superior Court's Memorandum Opinion attached to Defendant's Motion to Dismiss. (Dkt. No. 19-2). However, it is unclear to the Court whether both Defendants, or only JFL Hospital, opposed Plaintiffs' Motion for Summary Judgment in the Superior Court. *See infra* note 7.

2

legal entity empowered to sue and be sued," and remanded "for further proceedings with directions that the Superior Court dismiss JFL Hospital from this case." *Governor Juan F. Luis Hosp. & Med. Ctr. v. Titan Med. Grp., LLC*, 69 V.I. 873, 886 (2018).

On November 2, 2018, Plaintiffs brought the instant action against HHFC in this Court. (Dkt. No. 1). The Complaint alleges claims of breach of contract, and, in the alternative, quantum meruit against HHFC for failure to pay the amount owed under the Staffing Agreement. *Id.* at 4-5.

In the instant Motion, Defendant seeks to dismiss the Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 18; 19 at 1). Defendant argues that the doctrine of res judicata prevents the Court from adjudicating this claim because the same claim has been adjudicated and resolved in the Superior Court. (Dkt. No. 19 at 4-5). Defendant contends that this action is barred by both issue preclusion and claim preclusion. *Id.* at 5-7. Defendant argues that the elements of issue preclusion have been met because: (1) "the issues raised in the instant action[—]whether there was a valid contract and Defendant[] breached that contract[—]are identical to that of the prior action in Superior Court and they were litigated and then decided on by Judge Brady," *id.* at 5; (2) the issues were adjudicated on the merits and resulted in a Judgment that was affirmed against the Government of the Virgin Islands, *id.* at 6; (3) HHFC is a party in privity with the Government of the Virgin Islands, *id.*; and (4) "Plaintiffs had a full and fair opportunity to litigate the issues" in the prior Superior Court action, *id.* Defendant also argues that Plaintiffs are barred from bringing this action based on claim preclusion. *Id.* at 7. In this regard, Defendant asserts that "the claims being brought to this court arise out of the same transaction or occurrence as the state court claims" because the Complaint is identical in all relevant aspects to the Superior Court Complaint. *Id.*

Plaintiffs argue that their action is not barred by the doctrine of res judicata. (Dkt. No. 21 at 2). Plaintiffs contend that because the Superior Court found that HHFC was not an indispensable party to the Superior Court case and the V.I. Supreme Court ruled that JFL Hospital cannot be sued, the need was created for the instant action, which is not procedurally barred. *Id.* at 4. Further, Plaintiffs argue that Defendant's arguments regarding claim and issue preclusion both fail because HHFC is "a separate and distinct corporation that governs" JFL Hospital and is not in privity with the Government of the Virgin Islands. *Id.* at 4-6. Finally, Plaintiffs assert that "[t]he claim brought before this Court also rests upon a separate statutory basis, pursuant to 19 V.I.C. § 244[,] and, [it] therefore, differs from the Territorial action." *Id.* at 3.

## II.     APPLICABLE LEGAL PRINCIPLES

Res judicata[2] and collateral estoppel are affirmative defenses that may properly be raised in a Rule 12(b)(6) motion when their applicability is apparent on the face of the complaint. *See Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010). Res judicata and collateral estoppel are "premised . . . on promoting judicial economy and efficiency, the stability of final judgments, and fairness to litigants." *Stewart v. Virgin Islands Bd. of Land Use Appeals*, 66 V.I. 522, 547 (2017); *see also Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d

---

[2] Federal courts generally use the term res judicata to encompass both "claim preclusion" and "issue preclusion." *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"); *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009) (The Third Circuit "has previously noted that 'the preferred usage' of the term res judicata 'encompasses both claim and issue preclusion.'" (quoting *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997))). However, the Virgin Islands Supreme Court uses the term res judicata to refer to claim preclusion and collateral estoppel to refer to issue preclusion. *See Stewart v. Virgin Islands Bd. of Land Use Appeals*, 66 V.I. 522, 531, 547 (2017). Because the Court is applying Virgin Islands law in this matter, the Court will use the terminology as dictated by the Virgin Islands Supreme Court.

Cir. 2013) (stating that the purpose of the doctrine of res judicata is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (internal quotation marks omitted)).

"Res judicata, also known as claim preclusion, precludes relitigation of 'any claims that were raised or could have been raised in a prior action.'" *Stewart*, 66 V.I. at 531 (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (Claim preclusion "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001))). "Collateral estoppel, also known as issue preclusion, precludes relitigation of any issues of law and issues of fact . . . conclusively determined in a prior action." *Stewart*, 66 V.I. at 547 (quoting *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010)) (internal quotation marks omitted); *see also Taylor*, 553 U.S. at 892 ("Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." (quoting *New Hampshire*, 532 U.S. at 748-49)).

The Third Circuit "follow[s] the federal rule that the law of the issuing court . . . determines the preclusive effects of a prior judgment." *Peloro v. United States*, 488 F.3d 163, 175 n.11 (3d Cir. 2007) (internal quotation marks and citation omitted); *see also M & M Stone Co.*, 388 F. App'x at 161 ("In determining the preclusive effect of a state court judgment, we apply the rendering state's law of issue preclusion." (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985))).

Res judicata and collateral estoppel are both affirmative defenses. *See Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 (3d Cir. 2016); *M & M Stone Co.*, 388 F. App'x at 162. "[A]n affirmative defense . . . typically may not afford the basis for a Rule 12(b)(6) dismissal unless it is 'apparent on the face of the complaint.' If not apparent, the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material." *Hoffman*, 837 F.3d at 280; *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) ("With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; we may also look beyond the complaint to public records, including judicial proceedings." (citing *Rycoline Prods., Inc.*, 109 F.3d at 886 and *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999))). "While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citing *S. Cross Overseas Agencies, Inc.*, 181 F.3d at 427). "When a movant raises a res judicata affirmative defense through a Rule 12(b)(6) motion, the movant bears the burden of proving each element of the affirmative defense." *Smith v. All Persons Claiming a Present or Future Int. in Est. 13*, Civil No. 2011-41, 2014 WL 4627777, at *3 (D.V.I. Sept. 16, 2014) (citing *Taylor*, 553 U.S. at 907).

### III.   DISCUSSION

Defendant seeks to dismiss this action for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that the judgment in the Superior Court case precludes the instant case under the doctrines of both issue and claim preclusion.

### A. Res Judicata (Claim Preclusion)

The Court first assesses whether this action is barred by res judicata by determining under Virgin Islands law whether: "(1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as the prior action." *Stewart*, 66 V.I. at 533.[3]

With regard to the first element of res judicata, neither party disputes that the Superior Court action resulted in a final judgment on the merits of Plaintiffs' claims, which the Virgin Islands Supreme Court vacated only as to JFL Hospital. (*See* Dkt. No. 19 at 6; Dkt. No. 21 at 4 (Plaintiffs are now left "holding a judgment against the GVI for thousands upon thousands of hours of unpaid medical staffing.")). Indeed, the Complaint itself alleges that "[t]he Supreme Court did not disturb the valid judgment Titan holds against the Government of the Virgin Islands for the debt at issue here." (Dkt. No. 1 at ¶ 22). As it is undisputed that the Superior Court reached a valid final judgment on the merits in favor of Plaintiffs, the Court finds that the first element of res judicata is met. *See Stewart*, 66 V.I. at 533-34 ("A decision is on the merits if it 'permanently forecloses a party from further advancing a claim or defense.'" (quoting *Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003))).

With regard to the third element of res judicata, Defendant contends that "it is undisputed that the claims being brought to this court arise out of the same transaction or occurrence as the

---

[3] Plaintiffs present a standard for assessing claim preclusion under Third Circuit law. (Dkt. No. 21 at 3). However, the Third Circuit has clearly stated that the law of the court issuing the prior decision "determines the preclusive effects of a prior judgment." *Peloro*, 488 F.3d at 175 n.11. Because the prior judgment was issued by the Superior Court of the Virgin Islands, the Court applies the law of the Virgin Islands when assessing the judgment's preclusive effects.

7

state court claims . . . because the Complaint is identical to the prior action Complaint in all relevant aspects." (Dkt. No. 19 at 7). Plaintiffs do not dispute that this action arises out of the same transaction as the Superior Court case. However, Plaintiffs argue that "[t]he claim brought before this Court also rests upon a separate statutory basis, pursuant to 19 V.I.C. § 244[,] and, therefore, differs from the Territorial action." (Dkt. No. 21 at 3).[4]

Courts in the Virgin Islands use the "transactional test" for purposes of res judicata, wherein "[a] prior judgment bars a later suit arising out of the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first place, and involves evidence different from the evidence relevant to the first case." *Stewart*, 66 V.I. at 542-43 (quoting *Conn. Nat'l Bank v. Kendall*, 617 A.2d 544, 547 (Me. 1992)); *see also Kitnurse v. Marshall & Sterling, Inc.*, 73 V.I. 222, 230-31 (V.I. Super. Ct. 2020) ("The Virgin Islands has adopted the 'transactional test' for determining when a claim arises out of the same transaction or occurrence as prior claims. This means that subsequent claims will be barred when they rely 'on the same "group of operative facts giving rise to the assertion of relief" as the earlier claim or claims.'" (quoting *Stewart*, 66 V.I. at 541) (internal citations omitted)); *Gov't of Virgin Islands, Bureau of Internal Revenue v. Lansdale*, 172 F. Supp. 2d 636, 653 n.17 (D.V.I. 2001) ("It is the claim, not the theory, that is precluded based on identity of the underlying transactions." (citing Restatement (Second) of Judgments § 25 (1971) and *Brown v. Felsen,* 442 U.S. 127, 138 (1979))). Thus, even if Plaintiffs are asserting a different theory—as they claim—this would be of no moment under the transactional test. *See Stewart*, 66 V.I. at 542-43.

---

[4] The Court notes that V.I. Code. Ann. tit. 19, § 244 is the statute that simply recites the powers of HHFC.

Plaintiffs seek damages for Defendant's alleged failure to pay for the services that Plaintiffs provided to JFL Hospital, based on an alleged breach of the same Staffing Agreement at issue in the Superior Court action. (*Compare* Dkt. No. 1 at ¶ 25 ("The Defendant materially breached the Agreement by failing to pay for the services provided to the Hospital by Titan Medical and Titan Nursing under the parties' Agreement."), *with* Dkt. No. 19-1 at ¶ 20 ("The Defendants materially breached the Agreement by failing to pay for the services provided to the Hospital by Titan Medical and Titan Nursing under the parties' Agreement.")). In this federal action, Plaintiffs are seeking the same amount of damages awarded by the Superior Court. (*Compare* Dkt. No. 1 at 6-7, *with* Dkt. No. 19-3). Thus, it is clear that the instant action arises out of the same group of operative facts as the Superior Court case and the third element of res judicata is satisfied. *See U.S. Dep't of Agric. Rural Hous. v. Phillips*, Civil No. 1:08-CV-00032, 2010 WL 1529297, at *7 (D.V.I. Apr. 15, 2010) ("Because this and the prior lawsuit allege default of the same Mortgage and Promissory Note and seek foreclosure of the same parcel of land, they arise out of the same cause of action.").

With regard to the final factor—identity of the parties—"[t]he *res judicata* principle is a pillar of common law that bars a party from litigating the same claim against the same adversary as was litigated in a prior suit." *Allahar v. Clinical Lab'y Inc.*, Civil Action No. 2011-001, 2013 WL 6578988, at *2 (D.V.I. Dec. 13, 2013) (citing *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010)); *see also Lansdale*, 172 F. Supp. 2d at 653 ("A valid and final personal judgment is conclusive between the parties, except on appeal or other direct review." (quoting Restatement (Second) of Judgments § 17 (1971))). However, plaintiffs are permitted to seek relief separately from joint tortfeasors or co-obligors on a contract so that successive suits of that nature are not barred by res judicata. *See Davis v. Am. Youth Soccer Org.*, 64 V.I. 37, 50 (V.I. Super. Ct. 2016)

9

("Under the tenets of joint and several liability, . . . unless clearly modified by a statute, a plaintiff may sue multiple tortfeasors jointly in a single litigation or in separate lawsuits at his or her option."); *Tate v. Jaber Co.*, 72 V.I. 11, 24 (V.I. Super. Ct. 2019) ("Although Plaintiff's claims . . . sound in contract and not in tort, the principles of joint and several liability still apply."); Restatement (Second) of Judgments § 49 cmt. b. (1982) ("A judgment against one obligor under a contract does not terminate the claim against another obligor under the contract."); *see also Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367 (2d Cir. 1995) ("When a litigant files consecutive lawsuits against separate parties for the same injury, the entry of a judgment in the prior action does not bar the claims against other potentially liable parties."); *Tavery v. U.S.*, 897 F.2d 1032, 1033 (10th Cir. 1990) ("[C]laims against joint obligors are generally regarded as separate and distinct for res judicata purposes.").[5]

Notwithstanding the ability to separately sue joint obligors, the question of whether Plaintiffs' suit can go forward hinges on whether GVI and HHFC are in privity with each other or are simply joint obligors. *See Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221,

---

[5] Even if more than one judgment is recovered, plaintiffs are prohibited from recovering more than one satisfaction of their damages. *See* Restatement (Second) of Judgments § 49 cmt. a (1982) ("Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the subject of two or more judgments."); *see, e.g.*, *U.S. Dep't of Agric. Rural Hous.*, 2010 WL 1529297, at *5 ("The Government's filing of the Satisfaction of Judgment discharged its rights under the October 27, 2000 Judgment Order and bars relitigation of the claims encompassed by that judgment." (citing *Little v. Dresser Industries, Inc.,* 599 F.2d 1274, 1278 (3d Cir. 1979))); *Lett v. Rosado*, Civil No. 732/1995, 2002 WL 35631543, at *4 (V.I. Terr. Ct. May 31, 2002) ("joint and several liability principles permit only one satisfaction for a single harm"); *United States v. Silliman*, 167 F.2d 607, 613 (3d Cir. 1948) ("It is well settled law in this country that a judgment for the plaintiff in an action against one tort feasor acting in concert with others does not preclude the plaintiff from later suing another. . . . If the judgment had been satisfied in full the situation might be quite different. There was, however, no satisfaction of this judgment."). Plaintiffs have stated—and Defendant does not dispute—that the GVI has not paid the amount owed under the Superior Court judgment. (Dkt. No. 21 at 1-2). Thus, there has been no satisfaction of the judgment that would preclude further litigation.

1240 (10th Cir. 2017) ("[E]ven where a plaintiff has already sued one or more parties liable for a particular loss, the plaintiff ordinarily is entitled to bring another suit against a new defendant, or defendants, based on the same loss. But an exception to this rule applies when there is 'privity' between the defendant(s) bound by the first suit and the new defendant(s) named in the second suit." (internal citations omitted)); *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) ("Northern has separate and distinct causes of action against each defendant, since NYSEG and Square D allegedly are joint tortfeasors and are not in privity."); *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1304 (Fed. Cir. 2007) ("[A] plaintiff who chooses to bring two separate actions against two tortfeasors who are jointly responsible for the same injury runs the risk that the court will find the parties sufficiently related that the second action is barred by claim preclusion." (quoting *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,* 58 F.3d 616, 620 (Fed. Cir. 1995))).

Under Virgin Islands law, "privity of parties exists when there is a close or significant relationship between parties or when a non-participating party's interest is represented by or derivative of a party to the litigation." *Lansdale*, 172 F. Supp. 2d at 653 (citing *Carteret Savings Bank v. Pelican Beach Props., Ltd.,* 27 V.I. 285, 291 (D.V.I. 1992)); *accord Boyd-Richards v. No, 481-1 Chocolate Hole Realty, LLC*, No. ST-13-CV-623, 2018 V.I. LEXIS 159, at *16 (V.I. Super. Ct. Aug. 13, 2018). Privity is a rather amorphous concept in the context of res judicata. *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) ("Privity 'is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.'" (quoting *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990))).

HHFC was established as "a public benefit corporation of the Government of the Virgin Islands." V.I. Code Ann. tit. 19, § 243(a); *see also* V.I. Code Ann. tit. 19, § 245(a) ("The V.I. Government Hospitals and Health Facilities Corporation is a public entity of the Government of the Virgin Islands."). It manages health care in the Virgin Islands "in partnership with the Government." V.I. Code Ann. tit. 19, § 240(j); *see also* V.I. Code Ann. tit. 19, § 244(e) (HHFC has the power to "manage, operate, superintend, control, and maintain the hospitals and health facilities of the Government of the Virgin Islands in partnership with the Government"); *Governor Juan F. Luis Hosp. & Med. Ctr.*, 69 V.I. at 881 ("The Corporation Act created the VIHHFC, a public corporation, to manage health care delivery in partnership with the Government at JFL Hospital and additional medical facilities."). HHFC has the capacity to "sue and be sued subject to the limitations and requirements of existing law applicable to the Government of the Virgin Islands," as well as to collect fees, and enter into contracts and other agreements, among other powers. V.I. Code Ann. tit. 19, § 244.[6] HHFC receives funding from the GVI, but also is able to collect funds itself. V.I. Code Ann. tit. 19, § 240; V.I. Code Ann. tit. 19, § 244(f); V.I. Code Ann. tit. 19, § 245(b); V.I. Code Ann. tit. 19, § 261; *see also Gov't Emps. Ret. Sys. v. Governor Juan F. Luis Hosp. & Med. Ctr.*, No. SX-16-CV-346, 2016 WL 5791256, at *4 (V.I. Super. Ct. Aug. 29, 2016) ("[T]he Court takes judicial notice that the Legislature annually appropriates money from

---

[6] HHFC has two District Governing Boards—one for the District of St. Croix and one for the District of St. Thomas-St. John. V.I. Code Ann. tit. 19, § 243(g). Additionally, HHFC is administered by a Board of Directors which includes cabinet-level members and representatives from the District Governing Boards. V.I. Code Ann. tit. 19, § 243(b). The Court notes that the Virgin Islands Legislature passed an Act which modified the makeup of the District Governing Boards and the Board of Directors in 2020. However, the Act was invalidated by the Superior Court of the Virgin Islands in 2021. *See Bryan v. V.I. Gov't Hosp. & Health Facilities Corp.*, No. ST-2021-CV-00045, 2021 V.I. LEXIS 31, at *17 (V.I. Super. Ct. May 20, 2021) ("[T]he Act, by its elimination of the Governor's power to remove members of the Board and the District Boards, violates the separation of powers and is invalid under the Revised Organic Act.").

the General Fund to the [HHFC] to fund the operating expenses of the two hospitals under its jurisdiction. . . . Virgin Islands law also requires that each District Board under the jurisdiction of the [HHFC] establish and maintain separate bank accounts for the payment of expenses."); V.I. Code Ann. tit. 19, § 244(a) ("[T]he Corporation . . . may file a civil action although the Government may owe the individual income tax refunds or retroactive payments. . . .").

Here, HHFC argues that it is in privity with the Government of the Virgin Islands as a defendant in the Superior Court action because the statutory structure creating HHFC states that HHFC "is a public entity of the [Government of the Virgin Islands]" and its liability to suit is "subject to the limitations and requirements of existing law applicable to the Government of the Virgin Islands." (Dkt. No. 19 at 6 (citing V.I. Code Ann. tit. 19, §§ 244, 245)). Plaintiffs concede that there is "no dispute that [HHFC] is a public corporation or that it works in conjunction with the GVI to manage and operate the public hospitals in the Virgin Islands," but contend that this is insufficient to establish that HHFC and the Government of the Virgin Islands are in privity for purposes of res judicata. (Dkt. No. 21 at 4-5). Plaintiffs argue that the statutory construction that permits HHFC to "sue and be sued" and a "plain reading" of the governing statute show "a clear legislative intent to maintain a clear separation of legal status for entities like [HHFC]." *Id.* at 5. Plaintiffs maintain that HHFC manages JFL Hospital "in partnership" with the GVI, and as partners, GVI and HHFC are jointly and severally liable for the debt at issue. *Id.* at 6.

The Court is unable to conclude at this stage of the proceedings that HHFC is in privity with the Government of the Virgin Islands. It is true the HHFC and GVI have a legal relationship, as HHFC is a public entity of the Government. On the other hand, HHFC has significant authority to manage and control territorial hospitals, among other autonomous or semi-autonomous powers. Further, HHFC manages territorial healthcare "in partnership" with the Government—a

13

partnership whose contours are unclear. *See* V.I. Code Ann. tit. 19, § 244(e). As the Supreme Court of the Virgin Islands has noted: "Less clear, however, is whether the Government plays a role in managing health care delivery beyond its appointment of board members, and various financial contributions." *Governor Juan F. Luis Hosp. & Med. Ctr.*, 69 V.I. at 881 (internal citations omitted).

The lack of clarity on this issue is equally apparent from the seemingly contradictory arguments advanced by the associated government entities and Titan during the course of the Superior Court and District Court proceedings. While HHFC argues herein that it has the kind of close, significant relationship with GVI such that they are in privity with each other, JFL and purportedly GVI[7] argued before the Superior Court that complete relief could not be granted to

---

[7] While HHFC states in its Motion to Dismiss that "*Defendants* filed an opposition" to Plaintiffs' Motion for Summary Judgment and "*Defendants* filed an appeal with the Virgin Islands Supreme Court," (Dkt. No. 19 at 2) (emphasis added), it is not clear from the docket that *both* defendants so acted. While Attorney Erika M. Scott of the VI Attorney General's Office—former counsel for Defendant in this action—filed an answer to the Complaint, the parties then filed a Stipulation for Substitution of Counsel, which was signed by the Court, wherein "Attorney Anthony R[.] Kiture of the Kiture Law Firm [was] SUBSTITUTED for Attorney Erika M. Scott of the Attorney General's Office as counsel for *Defendant Governor Juan F. Luis Hospital and Medical Center*." Order, *Titan Medical Group, LLC v. Governor Juan F. Luis Hospital & Medical Center*, SX-2013-CV-00497 (V.I. Super. Ct. Nov. 30, 2014) (emphasis added). In response to Plaintiffs' Motion for Summary Judgment, an Opposition was filed by *Defendant Governor Juan F. Luis Hospital and Medical Center*. Defendant Governor Juan F. Luis Hospital and Medical Center's Opposition to Plaintiffs' Motion for Summary Judgment and Incorporated Memorandum of Law, *Titan Medical Group, LLC v. Governor Juan F. Luis Hospital & Medical Center*, No. SX-2013-CV-00497 (V.I. Super. Ct. May 12, 2015). The Superior Court nonetheless characterized this Opposition as being brought by both Defendants. (*See* Dkt. No. 19-2 at 1 ("Defendants Governor Juan F. Luis Hospital and Medical Center's ("Hospital") and the Government of the Virgin Islands' ("Government") Opposition thereto ("Opposition"), filed May 15, 2015")). Additionally, it appears that it was JFL Hospital, not GVI, which appealed the Superior Court's order granting summary judgment. *See Governor Juan F. Luis Hosp. & Med. Ctr.*, 69 V.I. at 877 ("JFL filed a timely notice of appeal on September 3, 2015."); Notice of Appeal, *Titan Medical Group, LLC v. Governor Juan F. Luis Hospital & Medical Center*, SX-2013-CV-00497 (V.I. Super. Ct. Sept. 2, 2015). Given the information on the public docket, it is not clear to the Court what actions GVI took to defend the case at the Superior Court, including whether GVI was represented by JFL Hospital's Opposition

14

Titan without the inclusion of HHFC as a party.[8] Defendant Governor Juan F. Luis Hospital and Medical Center's Opposition to Plaintiffs' Motion for Summary Judgment and Incorporated Memorandum of Law at 6-8, *Titan Medical Group, LLC v. Governor Juan F. Luis Hospital & Medical Center*, SX-2013-CV-00497 (V.I. Super. Ct. May 12, 2015). In so arguing, JFL emphasized that: "the Virgin Islands Legislature delegated the power to make and execute contracts to [HHFC]," *id.* at 6; the governing statute "grants the responsibility [of] making financial disbursement to vendors supplying the district health facilities to [HHFC], St. Croix District Governing Board," *id.*; and "the Virgin Islands Government Hospitals and Health Facilities Corporation is the entity that the Virgin Islands Legislature authorized to sue and be sued," *id.* at 8.[9]

---

to Plaintiffs' Motion for Summary Judgment or whether GVI simply did not defend itself in the action.

[8] The position that JFL took below—which in the very least was not opposed by GVI—was that HHFC must share in the liability for the debt owed under the contract at issue. Such a position suggests that HHFC and GVI are not in privity given that their interests would not be aligned with regard to the liability between themselves. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 410 (3d Cir. 1993) (stating that a corporation and its parent alleged to be jointly and severally under a contract had adverse interests "with respect to any right of contribution or indemnity that may arise out of either's potential liability to [the plaintiff]"); *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 508 (2d Cir. 2019) ("In these plausible scenarios, NYU and Cammack's interests would surely diverge, to the point where it would be in each of their interests to place the blame on the other.").

[9] JFL similarly argued before the Supreme Court that the Superior Court erred in finding that HHFC was not a necessary and indispensable party because:

> [HHFC] was established as a separate corporation to "manage, operate, superintend[,] control and maintain the hospitals and health facilities of the Government of the Virgin Islands **in partnership** with the Government." . . . The purpose of [HHFC] is to **maintain a partnership** with the V.I. Government for as long as a significant portion of the cost of health care delivery is appropriated from public revenues. . . . [HHFC] is the entity that the Virgin Islands Legislature authorized to sue and be sued. . . . The Superior Court noted that 19 V.I.C. 244(a) does not grant exclusive authority to sue and be sued. However, all funds of the Governor Juan F. Luis Hospital and Medical Center are placed in accounts

15

Similarly, Plaintiffs have also seemingly changed their focus. Before the Superior Court they argued that HHFC was not an indispensable party because, among other things, the St. Croix Governing Board—one of the two District Governing Boards that comprise HHFC—"is nothing more than a corporate body politic of the Virgin Islands and has no real substance in relation to the issues in this case." Plaintiffs' Reply to Defendants' Opposition to the Motion for Summary Judgment and Incorporated Memorandum of Law at 6-7, *Titan Medical Group, LLC v. Governor Juan F. Luis Hospital & Medical Center*, SX-2013-CV-00497 (V.I. Super. Ct. May 26, 2015). In this Court, by contrast, Plaintiffs argue that HHFC is a "separate and distinct corporation" from the Government of the Virgin Islands. (Dkt. No. 21 at 4).

Further complicating matters is the fact that HHFC might have been involved in the Superior Court action in some capacity. As noted by the Superior Court, the parties attempted to settle the matter, but the settlement did not ultimately go forward because "the *St. Croix District Governing Board* has not approved the Settlement and it appears unlikely that the Settlement will be approved by the St. Croix District Governing Board." (Dkt. No. 19-2 at 3 n.2 (emphasis added) (internal quotation marks omitted)). Because the St. Croix District Governing Board is one of the two District Governing Boards that comprise HHFC, it is unclear to the Court whether the Superior Court's comment suggests that there is some association between GVI and HHFC—generally or for purposes of this action—that should factor into the Court's privity analysis.

---

      established and maintained by the St. Croix District Governing Board and disbursements from the accounts are made by the St. Croix District Board pursuant to regulations issued by the [HHFC].

Appellant's Brief at 18, *Governor Juan F. Luis Hospital v. Titan Medical Group*, SCT-CIV-2015-0074 (V.I. Oct. 21, 2015) (emphasis in original) (internal citations omitted).

Defendant's reliance on *James-St. Jules v. Thompson*, No. SX-09-CV-136, 2015 WL 13187393 (V.I. Super. Ct. June 25, 2015), does not add clarity to the issue. It is true that, for purposes of the Virgin Islands Tort Claims Act ("VITCA"), HHFC is explicitly included in the definition of the Government of the Virgin Islands. *See* V.I. Code Ann. tit. 33, § 3401. However, this explicit statutory directive that includes HHFC in the definition of the GVI in the context of tort claims does not necessarily mean that such is the case in all contexts. Indeed, the use of such explicit language in the VITCA might suggest otherwise. Moreover, government departments or entities are not necessarily in privity with the government or other governmental agencies for preclusion purposes simply because they are deemed to be part of the government. *See, e.g.*, *Comm'r of Dep't of Plan. & Nat. Res. v. Century Alumina Co., LLC*, Civil Action No. 05-62, 2011 WL 6010009, at *5 (D.V.I. Nov. 30, 2011) (evaluating whether GVI was sufficiently represented by Commissioner of the U.S. Virgin Islands Department of Planning and Natural Resources ("DPNR") for issue preclusion purposes under the federal standard due to a prior judgment against the DPNR); *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 859 F.3d 178, 186 (2d Cir. 2017) (stating, in applying California law, that: "The relevant question for privity analysis is whether the interests of the [Orange County Water District (a public corporation)] and the [Orange County District Attorney] are aligned." (internal quotation marks and citations omitted)); *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 764 (9th Cir. 2003) (finding, under California law, that the City of Martinez was not in privity with the California Department of Fish and Game).

In view of the foregoing, the Court finds that the second element of res judicata has not been established by HHFC at this stage in the proceedings. Because it is not clear from the face of the Complaint that HHFC and GVI are in privity with each other, the Court finds that HHFC has

failed to carry its burden and the Court will therefore deny HHFC's Motion to Dismiss as to its res judicata argument. *See Hoffman*, 837 F.3d at 280.

### B. Collateral Estoppel (Issue Preclusion)

The Court next turns to whether Defendant has demonstrated collateral estoppel under the law of the Virgin Islands. *See Peloro*, 488 F.3d at 175 n.11. Virgin Islands law sets out the following elements to prove collateral estoppel: "(1) the issue to be barred is identical to an issue actually and necessarily decided in the prior action; (2) the prior action was adjudicated in a decision that was final, valid, and on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action." *Stewart*, 66 V.I. at 549-50.

Defendant states generally that "it is undisputed that the issues raised in the instant action[—]whether there was a valid contract and Defendants breached that contract[—]are identical to that of the prior action in the Superior Court." (Dkt. No. 19 at 5). However, generally stating that all of the issues have previously been litigated paints with too broad a brush. Indeed, the issues that might arise in this dispute between *these* parties may well be different, including whether this Defendant (HHFC)—which Defendant has not demonstrated is in privity with GVI—is liable to Plaintiffs for the debt at issue.

Moreover, Plaintiffs *prevailed* against GVI in the Superior Court action. As discussed above, separate suits against joint obligors are permitted. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 410 (3d Cir. 1993) ("The case law and commentary that supports the proposition that one co-obligor may be sued without joinder of its co-obligors implicitly supports the proposition that issue preclusion for or against an absent co-obligor is not a

consequence of any final decision for or against the co-obligor who is present as a party in a contract action."); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 389 (2015) ("[I]ssue preclusion cannot be used to prohibit DKN from seeking redress from a different obligor just because it has *prevailed* against a different party in the first suit."); *St. Croix Hotel Corp. v. Gov't of the Virgin Island*s, 867 F.2d 169, 173 (3d Cir. 1989) ("The doctrine of issue preclusion, applicable in the Virgin Islands, bars a party . . . from prevailing on a point previously litigated and resolved against him."); *Dici v. Commonwealth of Pa.*, 91 F.3d 542, 547 (3d Cir. 1996) ("Issue preclusion is based upon the policy that 'a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.'" (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 107 (1991))).

That is not to say that collateral estoppel may not be relevant in this matter. Notwithstanding the ability to separately sue joint obligors, a plaintiff may be bound in a second suit to certain findings determined against it in the first suit under collateral estoppel. *See Baumann v. Pub. Emps. Rels. Bd.*, 68 V.I. 304, 341 (V.I. Super. Ct. 2018) ("Collateral estoppel, when applicable, thus prevents a litigant from trying to win in a second lawsuit on an issue it has already lost in the first . . . ."); *Peloro*, 488 F.3d at 175 ("Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary."); *Newman v. McKay*, 58 V.I. 170, 177 (V.I. Super. Ct. 2013) ("Offensive estoppel is estoppel 'asserted by a plaintiff seeking to prevent re-litigation of issues which the defendant has previously litigated and lost,' and defensive estoppel is 'asserted by a defendant seeking to prevent re-litigation of issues that the plaintiff has previously litigated and lost.'" (quoting *Pourzal v. Prime Hospitality Corp.,* 48 V.I. 553, 559 (D.V.I. 2006))); *Pourzal*, 48 V.I. at 558 (Plaintiff's claim was barred by collateral

estoppel because "the issue in the instant case is identical to the issue presented in [the prior case]" and decided against plaintiff); Restatement (Second) of Judgments § 49 cmt. a (1982) ("The injured party's right to maintain separate actions against multiple obligors is subject to several important constraints. The most important of these is that ordinarily he may not relitigate issues determined against him in the first action."). The bar against relitigating issues previously decided includes damages. Restatement (Second) of Judgments § 50 cmt. d (1982) ("The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question."); *DKN Holdings LLC*, 352 P.3d at 389 ("[E]ven when multiple suits are permissible, the plaintiff may not relitigate issues decided against him in the first action, including issues related to damages.").

Defendant has not identified any issues that were decided in the Superior Court action that would prevent Plaintiffs from advancing their suit. Thus, the Court finds that it is not apparent from the face of the Complaint that the doctrine of collateral estoppel bars the instant action.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny Defendant's Motion to Dismiss. An appropriate Order accompanies this Memorandum Opinion.

Date: December 23, 2021 _____/s/_____
WILMA A. LEWIS
District Judge